S. LANE TUCKER
United States Attorney

MICHAEL J. HEYMAN
SETH M. BEAUSANG
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.heyman@usdoj.gov
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>    vs.<br><br>GARRETT ELDER,<br><br>                Defendant. | No. 3:23-cr-00020-JMK-MMS<br><br>COUNT 1:<br>WIRE FRAUD<br>   Vio. of 18 U.S.C. § 1343<br><br>CRIMINAL FORFEITURE<br>ALLEGATION:<br>   Vio. of 18 U.S.C. § 981(a)(1)(C); 28<br>   U.S.C. § 2461(c); and Rule 32.2(a) |

I N F O R M A T I O N

The United States Attorney charges, at all times material,

INTRODUCTORY ALLEGATIONS

1. Beginning no later than 2016 and continuing through October 2022, defendant, GARRETT ELDER, executed a scheme to defraud approximately $25 million dollars from over 130 victims.

2. The scheme began about early 2016. During that time, defendant's parents provided to defendant between $10,000 and $20,000 to invest in stocks and foreign currencies. Defendant deposited those funds into an entity defendant had created called Tycoon Trading, LLC ("Tycoon Trading"). Defendant lost all of those funds trading.

3. Despite the losses, defendant told his family, friends, and others about his trading business, and some expressed an interest in giving him money to invest. Defendant did not tell these potential investors that he had lost the money provided by his parents. Instead, defendant gave these victims the false impression that he was a successful trader.

4. Based on these omissions and false impressions, between 2016 and March 2018, friends, family, and others transferred approximately $500,000 to Tycoon Trading for defendant to invest on their behalf. Defendant again began losing money but created false quarterly performance reports that he emailed to his victim investors stating that the investments were earning positive returns. By March 2018, defendant had lost almost all the victims' money while trading and only had approximately $10,000 to $15,000 left in his trading account. In March 2018, defendant disclosed to the victims that their

investments had failed, but he did not disclose that he falsified the quarterly performance reports he had sent them.

5. Meanwhile, notwithstanding the near total losses, defendant continued to seek new investors, claiming to be a successful trader. By the end of 2018, defendant had approximately 30 new investors who were investing substantially more money than the original group of investors.

6. In 2019, defendant created an entity called The Daily Bread Fund, LLC.

7. From 2019 through 2022, Defendant continued to solicit new investors through Tycoon Trading and the Daily Bread Fund claiming to be a successful trader and paying a limited amount of distributions to select investors to provide the appearance of investment successes.

8. The plan worked. Defendant successfully solicited significant new investments. However, in reality, defendant continued to lose money trading. Despite continued mounting losses, defendant again created and emailed to investors false reports indicating positive returns. Defendant also used some of the victims' money on personal expenditures, including real estate investments, vehicles, a boat, a camper, bicycles, tools, and jewelry.

9. In total, defendant, through Tycoon Trading, The Daily Bread Fund, and other entities owned or controlled by defendant, received millions of dollars from over 130 victim investors.

10. By October 2022, defendant had lost the majority of investments while trading, resulting in approximately $25 million in investor losses.

## COUNT 1

11. The allegations set forth above are re-alleged as if fully set forth herein.

12. Beginning no later than 2016 and continuing through October 2022, within the District of Alaska and elsewhere, defendant GARRETT ELDER did knowingly, and with intent to defraud, devise and intend to devise a scheme and artifice to defraud and obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts, and, for the purpose of executing such scheme and artifice and attempting to do so, did transmit and cause to be transmitted, by means of wire communication in interstate commerce, certain writings, signs and signals, including, without limitation:

| DATE | DESCRIPTION OF WIRE COMMUNICATION | AMOUNT |
|---|---|---|
| 3/23/2020 | Check Deposit for the benefit of Victim 1 to Defendant's Wells Fargo account ending 1444 | $ 500,000.00 |
| 8/20/2020 | Wire Deposit for the benefit of Victim 2 to Defendant's Wells Fargo account ending 1444 | $ 828,000.00 |
| 6/15/2021 | Check Deposit for the benefit of Victim 3 to Defendant's Wells Fargo account ending 1444 | $ 400,000.00 |
| 8/23/2021 | Wire Deposit for the benefit of Victim 4 to Defendant's Wells Fargo account ending 5026 | $ 591,000.00 |
| 8/23/2021 | Wire Deposit for the benefit of Victim 5 to Defendant's Wells Fargo account ending 5026 | $ 449,275.00 |
| 1/14/2022 | Wire Deposit for the benefit of Victim 6 to Defendant's Wells Fargo account ending 1444 | $ 780,000.00 |
| 1/14/2022 | Wire Deposit for the benefit of Victim 7 to Defendant's Wells Fargo account ending 1444 | $ 400,000.00 |

| | | | |
|---|---|---|---|
| 6/23/2022 | Check Deposit for the benefit of Victim 8 to Defendant's Wells Fargo account ending 1444 | $ | 500,000.00 |
| 7/20/2022 | Check Deposit for the benefit of Victim 9 to Defendant's Wells Fargo account ending 1444 | $ | 550,000.00 |
| 8/10/2022 | Wire Deposit for the benefit of Victim 10 to Defendant's Wells Fargo account ending 5026 | $ | 600,000.00 |

The total amount of funds transferred to defendant pursuant to this scheme are estimated to be approximately $30 million to $34 million. The total net loss to investors is estimated to be approximately $25 million.

All in violation of 18 U.S.C. § 1343.

## CRIMINAL FORFEITURE ALLEGATIONS

13. The allegations set forth above are re-alleged as if fully set forth herein for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461(c).

14. Upon conviction of the offenses in violation of 18 U.S.C. § 1343, as set forth in Count 1 of this Information, defendant GARRETT ELDER shall forfeit to the United States pursuant to 18 U.S.C. § 981(a)(1)(C), any property, real or personal, that constitutes or is derived from any proceeds traceable to such violations, including property of any kind obtained directly or indirectly, as the result of the commission of such violations, and any property traceable thereto.

15. If, as a result of any act or omission of defendant, the property described above, or any portion thereof, cannot be located upon the exercise of due diligence; has

*U.S. v. Elder*            Page 5 of 6

Case 3:23-cr-00020-JMK-MMS   Document 1   Filed 03/13/23   Page 5 of 6

been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of this court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; it is the intent of the United States to seek forfeiture of other property of defendant pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853(p), Title 28, United States Code, Section 2461(c), and Rule 32.2(a) of the Federal Rules of Criminal Procedure.

DATED this 13th day of March 2023 at Anchorage, Alaska.

S. LANE TUCKER
United States Attorney

/s/ Michael J. Heyman
MICHAEL J. HEYMAN
United States of America
Assistant U.S. Attorney

/s/ Seth M. Beausang
SETH M. BEAUSANG
United States of America
Assistant U.S. Attorney