S. LANE TUCKER
United States Attorney

MICHAEL J. HEYMAN
SETH M. BEAUSANG
Assistant U.S. Attorneys
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9, Room 253
Anchorage, Alaska 99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
Email: michael.heyman@usdoj.gov
Email: seth.beausang@usdoj.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 3:23-cr-00020-JMK-MMS |
| | ) | |
| Plaintiff, | ) | **PLEA AGREEMENT** |
| | ) | |
| vs. | ) | |
| | ) | |
| GARRETT ELDER, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Unless the parties jointly inform the Court in writing of any additional agreements, this document in its entirety contains the terms of the plea agreement between defendant and the United States. This agreement is limited to the District of Alaska; it does not bind other federal, state, or local prosecuting authorities.**

## I.     SUMMARY OF AGREEMENT, FEDERAL RULE OF CRIMINAL PROCEDURE 11

### A.     Summary of Agreement

Defendant agrees to plead guilty to the following count contained in the Information in this case: Count 1 – Wire Fraud, a violation of 18 U.S.C. § 1343. The parties agree that the Total Offense Level for Count 1 shall be 28 or 30, as calculated in Section III.B.1 of this plea agreement.  The United States agrees to recommend that defendant be sentenced to a term of imprisonment at the low end of the sentencing guideline range that applies to the Total Offense Level calculated in Section III.B.1.  In addition, the United States will recommend a variance under 18 U.S.C. § 3553, as described in Section III.C.

 The parties agree that defendant shall pay the full amount of restitution to all victims affected by this offense as provided in Section II.E including, but not limited to, restitution to victims affected by this offense in an amount to be determined in connection with the sentencing hearing, but presently estimated to be between $24 million and $27 million.

Defendant admits to the Criminal Forfeiture Allegations in the Information in its entirety as provided in Section II.F.

Defendant will waive all rights to appeal the convictions and sentence imposed under this agreement.  Defendant will also waive all rights to collaterally attack the convictions and sentence, except on the grounds of ineffective assistance of counsel or the voluntariness of the pleas.

*U.S. v. Garrett Elder*

**B.**    **Federal Rule of Criminal Procedure 11**

Unless the parties otherwise inform the Court in writing, Federal Rule of Criminal Procedure 11(c)(1)(A) and (B) will control this plea agreement.  Thus, defendant may not withdraw from this agreement or the guilty pleas if the Court rejects the parties' sentencing recommendations at the sentencing hearing.

**II.    CHARGES, ELEMENTS, FACTUAL BASIS, STATUTORY PENALTIES AND OTHER MATTERS AFFECTING SENTENCE**

**A.**    **Charges**

Defendant agrees to plead guilty to an Information in this case charging wire fraud, a violation of U.S.C. § 1343.

**B.**    **Elements**

The elements of wire fraud, a violation of 18 U.S.C. § 1343, to which defendant is pleading guilty are as follows:

> **1.**    Defendant knowingly devised a scheme or plan to defraud, or a scheme or plan for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or omitted facts;
>
> **2.**    The statements made or facts omitted as part of the scheme were material; that is, they had a natural tendency to influence, or were capable of influencing, a person to part with money or property;
>
> **3.**    Defendant acted with the intent to defraud, that is, the intent to deceive and cheat; and

//

*U.S. v. Garrett Elder*

**4.** Defendant used, or caused to be used, an interstate wire communication to carry out or attempt to carry out an essential part of the scheme.

A wiring is caused when one knows that a wire will be used in the ordinary course of business or when one can reasonably foresee such use.

It need not have been reasonably foreseeable to defendant that the wire communication would be interstate in nature. Rather, it must have been reasonably foreseeable to defendant that some wire communication would occur in furtherance of the scheme, and an interstate wire communication must have actually occurred in furtherance of the scheme.

**C.    Factual Basis**

Defendant admits the truth of the allegations in Count 1 of the Information and the truth of the following statements, and the parties stipulate that the Court may rely upon these statements to support the factual basis for the guilty plea(s) and for the imposition of the sentence:

Beginning no later than 2016, and continuing up to October 2022, within the District of Alaska and elsewhere, defendant, as set forth below, did knowingly, and with intent to defraud, devise the scheme and artifice to defraud and to obtain money and property from victims by means of materially false and fraudulent pretenses, representations, and promises, and by concealment of material facts. For the purpose of executing such scheme and artifice and attempting to do so, defendant caused to be

transmitted, by means of wire communication in interstate commerce, writings, signs, and signals.

Specifically, defendant, Garrett Elder, knowingly and willfully employed a scheme to defraud approximately $25 million from approximately 140 victims by encouraging individuals to transfer funds to him for investment in stocks and foreign currencies on their behalf, providing deceptive and misleading material misstatements and omissions about his trading methods and returns from the investments, and providing false account statements to investors.

The scheme began about early 2016. During that time, defendant's parents provided to defendant between $10,000 and $20,000 to invest in stocks and foreign currencies. Defendant deposited those funds into an account held in the name of an entity defendant had created called Tycoon Trading, LLC ("Tycoon Trading"). Defendant lost all of those funds trading.

Despite the losses, defendant told his family, friends, and others about his trading business, and some expressed an interest in giving him money to invest. Defendant did not tell these potential investors that he had lost the money provided by his parents. Instead, defendant gave these victims the false impression that he was a successful trader.

Based on these omissions and false impressions, between 2016 and March 2018, friends, family, and others transferred approximately $500,000 to Tycoon Trading for defendant to invest on their behalf. Defendant again began losing money but created false quarterly performance reports that he emailed to his victim investors stating that the investments were earning positive returns. By March 2018, defendant had lost almost all

*U.S. v. Garrett Elder*

of the victims' money while trading and only had approximately $10,000 to $15,000 left in his trading account. In March 2018, defendant disclosed to the victims that their investments had failed, but he did not disclose that he falsified the quarterly performance reports he had sent them.

Meanwhile, notwithstanding the near total losses, defendant continued to seek new investors through Tycoon Trading, claiming to be a successful trader. By the end of 2018, defendant had approximately 30 new investors who were investing substantially more money than the original group of investors.

In 2019, defendant created an entity called The Daily Bread Fund, LLC.

From 2019 through 2022, defendant solicited significant new investments through both Tycoon Trading and the Daily Bread Fund by again claiming to be a successful trader. The plan worked and dozens of new victims invested; however, in reality, defendant continued to lose money trading and concealed those losses by creating and emailing to investors false reports indicating positive returns. In addition, defendant also used some of the victims' money on personal expenditures, including, for example, real estate investments, vehicles, a boat, a camper, bicycles, tools, and jewelry.

Defendant, through Tycoon Trading, The Daily Bread Fund, and other entities owned or controlled by defendant, received millions of dollars from approximately 140 victim investors. As part of the scheme, defendant caused to be transmitted, by means of wire communication in interstate commerce, hundreds of writings, signs and signals, including, without limitation, the following (which are some of the largest transfers):

| DATE | DESCRIPTION OF WIRE COMMUNICATION | AMOUNT |
|---|---|---|
| 3/23/2020 | Check Deposit for the benefit of Victim 1 to Defendant's Wells Fargo account ending 1444 | $500,000.00 |
| 8/20/2020 | Wire Deposit for the benefit of Victim 2 to Defendant's Wells Fargo account ending 1444 | $828,000.00 |
| 8/23/2021 | Wire Deposit for the benefit of Victim 3 to Defendant's Wells Fargo account ending 5026 | $591,000.00 |
| 1/14/2022 | Wire Deposit for the benefit of Victim 4 to Defendant's Wells Fargo account ending 1444 | $780,000.00 |
| 1/27/2022 | Check Deposit for the benefit of Victim 5 to Defendant's Wells Fargo account ending 1444 | $825,000.00 |
| 6/2/2022 | Check Deposit for the benefit of Victim 5 to Defendant's Wells Fargo account ending 1444 | $600,000.00 |
| 6/23/2022 | Check Deposit for the benefit of Victim 6 to Defendant's Wells Fargo account ending 1444 | $500,000.00 |
| 7/20/2022 | Check Deposit for the benefit of Victim 7 to Defendant's Wells Fargo account ending 1444 | $550,000.00 |
| 9/1/2022 | Check Deposit for the benefit of Victim 5 to Defendant's Wells Fargo account ending 1444 | $800,000.00 |
| 9/13/2022 | Check Deposit for the benefit of Victim 5 to Defendant's Wells Fargo account ending 1444 | $1,000,000.00 |

The total amount of funds transferred to defendant pursuant to this scheme are presently estimated to be approximately $30 million. Based on the information currently available, the parties agree that, based on the available information and for purposes of calculating the sentencing guidelines, the total net loss to investors is approximately $25 million.

//

//

//

//

//

*U.S. v. Garrett Elder*

**D.  Statutory Penalties and Other Matters Affecting Sentence**

      **1.  Statutory Penalties**

The maximum statutory penalties applicable to the charge to which defendant is pleading guilty, based on the facts to which defendant will admit in support of the guilty pleas, is as follows:

Count 1 – Wire Fraud in violation of 18 U.S.C. § 1343:

1)     20 years' imprisonment;

2)     a $250,000 fine;

3)     a $100 special assessment; and

4)     three years' of supervised release.

      **2.  Other Matters Affecting Sentence**

        • **Conditions Affecting Defendant's Sentence**

The following conditions may also apply and affect defendant's sentence: 1) pursuant to Comment 7 of United States Sentencing Guidelines (U.S.S.G) § 5E1.2, the Court may impose an additional fine to pay the costs to the government of any imprisonment and supervised release term; 2) pursuant to 18 U.S.C. § 3612(f), unless otherwise ordered, if the Court imposes a fine of more than $2,500, interest will be charged on the balance not paid within 15 days after the judgment date; 3) upon violating any condition of supervised release, a further term of imprisonment equal to the period of the supervised release may be imposed, with no credit for the time already spent on supervised release; 4) the Court may order defendant to pay restitution pursuant to 42 U.S.C. § 408(b), 18 U.S.C. § 3663, and U.S.S.G. § 5E1.1, and if 18 U.S.C. § 3663A

*U.S. v. Garrett Elder*

(mandatory restitution for certain crimes) applies, the Court shall order defendant to pay restitution.

### a.    Payment of Special Assessment

Defendant agrees to pay the entire special assessment in this case on the day the Court imposes the sentence. All payments will be by check or money order and are to be delivered to the Clerk of Court, United States District Court, 222 W. 7th Ave. Box 4, Rm. 229, Anchorage, AK 99513-7564.

### b.    Consequences of Felony Conviction

Any person convicted of a federal felony offense may lose or be denied federal benefits including any grants, loans, licenses, food stamps, welfare, or other forms of public assistance, as well as the right to own or possess any firearms, the right to vote, the right to hold public office, and the right to sit on a jury. If applicable, any defendant who is not a United States citizen may be subject to deportation from the United States following conviction for a criminal offense, be denied citizenship, and not permitted to return to the United States unless defendant specifically receives the prior approval of the United States Attorney General. In some circumstances, upon conviction for a criminal offense, any defendant who is a naturalized United States citizen may suffer adverse immigration consequences, including but not limited to possible denaturalization.

### E.    Restitution

The parties agree that defendant shall pay the full amount of restitution to all victims affected by this offense, including, but not limited to, restitution to victims covered in the factual basis in an amount to be determined in connection with the

*U.S. v. Garrett Elder*

sentencing hearing the amount, but presently estimated to be between $24 million and $27 million, victims covered in any counts to be dismissed as part of the plea agreement pursuant to 18 U.S.C. § 3663A(a)(3), other victims as a result of defendant's conduct for the offenses charged in the Information, and other victims not included in the restitution agreement as part of this plea agreement.

### F.    Forfeiture

Defendant admits to the Criminal Forfeiture Allegations in the Information in its entirety, including any substitute asset provisions, and agrees that any property, real and personal, which constitutes or is derived from proceeds traceable to the violation shall be forfeited to the United States, including that the below-described property is subject to forfeiture to the United States.

In accordance with Title 18, United States Code, Section 981(a)(1)(C), and Rule 32.2(a), Federal Rules of Criminal Procedure, defendant admits that defendant's interest – if any – in the following property is subject to forfeiture to the United States as property constituting proceeds of Wire Fraud as alleged in Count 1 of the Information:

1.   **37 Acres of Vacant Land on Glenn Alps Road, 99516**

2.   **2021 Ford F350, VIN -1085**

3.   **2021 Heartland Prowler (Camper Trailer), VIN -4345**

4.   **2022 Alweld Boat, Hull ID -H122**

5.   **Interest in Aspen and Birches LLC**

6.   **Interest in Mizuna Matata LLC and related entities**

7.   **The funds contained in the accounts of Tycoon Trading LLC, the Daily Bread Fund, LLC, and other entities owned or controlled by defendant, including the following:**

   - Alaska USA FCU
   - Wells Fargo
   - Interactive Brokers Brokerage Account
   - Forex.Com Brokerage Account GT
   - Forex.Com Brokerage Account FX
   - IG Brokerage Account
   - First National Bank Alaska
   - Robinhood Brokerage Accounts
   - Oanda Brokerage Accounts

//

//

//

//

//

//

//

*U.S. v. Garrett Elder*

Defendant agrees not to file a claim or withdraw any claim already filed to any of the above-described property in any forfeiture proceeding, administrative or judicial, which has been or may be initiated by the United States. Defendant further waives the right to notice of any forfeiture proceeding involving this property, agrees not to assist others in filing a claim to said property in any forfeiture proceeding, and will take all steps as requested by the United States to pass clear title to the above-described property to the United States, including but not limited to, executing documents and testifying truthfully in any forfeiture proceeding. Defendant further agrees to cooperate to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture.

Defendant understands and acknowledges that the United States is relying upon defendant's truthful asset forfeiture disclosure and cooperation in entering into this plea agreement. If defendant fails to cooperate or is untruthful in this regard, the United States may declare a material breach of this plea agreement.

Defendant further waives all constitutional, statutory, procedural, appellate, habeas corpus, and equitable challenges in any manner against any federal, state, local government regarding the seizure, custody, forfeiture, or disposition of the property listed in the above paragraph, to include that the property listed above is an excessive fine. Defendant agrees to the immediate entry of any orders concerning the forfeiture or other disposition of the property listed in the above paragraph.

//

*U.S. v. Garrett Elder*

## III. ADVISORY UNITED STATES SENTENCING GUIDELINES, GUIDELINE APPLICATION AGREEMENTS, SENTENCING RECOMMENDATIONS

### A. Advisory United States Sentencing Guidelines

The Court must consult the advisory United States Sentencing Guidelines

(U.S.S.G.) as well as the factors set forth in 18 U.S.C. § 3553(a) when considering the

sentence to impose. The U.S.S.G. do not establish the statutory maximum or minimum

sentence applicable to the offense(s) to which defendant is pleading guilty. The U.S.S.G.

are not mandatory and the Court is not bound to impose a sentence recommended by the

U.S.S.G.

### B. Guideline Application Agreements

The parties agree on the guideline applications as set forth below.

#### 1. Total Offense Level Calculation

The parties agree to jointly recommend that the Court apply the following Base

Offense Level, Specific Offense Characteristics, Adjustments, and Departures:

| | |
|---|---|
| Base Offense Level [§ 2B1.1(a)(1)] | 7 |
| Loss Between $9.5 and $25 Million [§ 2B1.1(b)(1)(K)] | +20 |
| Substantial Financial Hardship [§ 2B1.1(b)(2)] | +4/+6[1] |
| Acceptance of Responsibility [§ 3E1.1(a) & (b)] | -3 |
|    o **Total Offense Level** | **28 /30** |

Defendant may not request or recommend additional downward departures from

the Sentencing Guidelines but may seek downward variances under 18 U.S.C. § 3553.

---

[1] The parties agree that the number of victims suffering substantial financial hardship under § 2B1.1(b)(2) exceeds five (5); however, the exact number of victims suffering financial hardship will depend on the evidence presented at sentencing.

*U.S. v. Garrett Elder*

The United States may oppose any request for downward variances, including arguing all of defendant's conduct as evidence of the history and characteristics of defendant.

### 2. Acceptance of Responsibility

Despite Section III.B.1 above, the United States need not recommend or move for an adjustment for Acceptance of Responsibility unless it concludes that defendant has satisfied the criteria set out in U.S.S.G. § 3E1.1 and the applicable application notes. If, at any time prior to imposition of the sentence, the United States concludes that defendant has failed to fully satisfy the criteria set out in U.S.S.G. § 3E1.1, or has acted in a manner inconsistent with acceptance of responsibility, the United States will not make or, if already made, will withdraw any recommendation and motion for an adjustment for Acceptance of Responsibility.

### C. Sentencing Recommendations

The United States Probation Office (U.S.P.O.) will prepare defendant's pre-sentence report in which it will include a recommended calculation of defendant's sentence range under the U.S.S.G. The Court is free to accept the guideline calculations as set forth herein or as recommended by the U.S.P.O. In the event that the Court adopts a guideline calculation different that as agreed upon by the parties herein, the United States will nonetheless recommend that defendant serve a term of imprisonment at the low end of the sentencing guideline range that applies to the Total Offense Level calculated as set forth in Section III.B.1.

In addition, the United States will recommend a downward variance under 18 U.S.C. § 3553 for the following reasons: admission of guilt without any legal protections

*U.S. v. Garrett Elder*

afforded by a proffer agreement; early resolution of the case without an indictment; immediate and full cooperation in identifying, forfeiting, and liquidating assets; acknowledgement of full restitution amount and agreement to pay; and waiver of appeal. The variance will be in an amount equivalent of a 1-level downward departure.

The parties are otherwise free to recommend to the Court their respective positions on the appropriate sentence to be imposed in this case based on the stipulated facts set forth in Section II.C., any additional facts established at the imposition of sentence hearing, the applicable statutory penalty sections, the advisory U.S.S.G., and the sentencing factors set forth in 18 U.S.C. § 3553.

## IV.   ADDITIONAL AGREEMENTS BY UNITED STATES

In exchange for defendant's guilty pleas and the Court's acceptance of defendant's pleas and the terms of this agreement, the United States agrees that it will not prosecute defendant further for any other offense – now known – arising out of the subject of the investigation related to the charges brought in the Information in this case and defendant's admissions set forth in Section II.C.

Provided, however, if defendant's guilty pleas or sentence is/are rejected, withdrawn, vacated, reversed, set aside, or modified, at any time, in any proceeding, for any reason, the United States will be free to prosecute defendant on all charges arising out of the investigation of this case including any charges dismissed pursuant to the terms of this agreement, which charges will be automatically reinstated as well as for perjury and false statements. Defendant hereby agrees that he/she waives any defense that the statute of limitations bars the prosecution of such a reinstated charge.

*U.S. v. Garrett Elder*

## V.  WAIVER OF TRIAL RIGHTS, APPELLATE RIGHTS, COLLATERAL ATTACK RIGHTS, CLAIM FOR ATTORNEY FEES AND COSTS, AND RULE 410

### A.  Trial Rights

Being aware of the following, defendant waives these trial rights:

– If pleading to an Information, the right to have the charges presented to the grand jury prior to entering the guilty plea;

– The right to a speedy and public trial by jury on the factual issues establishing guilt or any fact affecting the mandatory minimum and statutory penalties, and any issue affecting any interest in any assets subject to forfeiture;

– The right to object to the composition of the grand or trial jury;

– The right to plead not guilty or to persist in that plea if it has already been made;

– The right to be presumed innocent and not to suffer any criminal penalty unless and until defendant's guilt is established beyond a reasonable doubt;

– The right to be represented by counsel at trial and if necessary to have a counsel appointed at public expense to represent defendant at trial – is not waiving the right to have counsel continue to represent defendant during the sentencing phase of this case;

– The right to confront and cross examine witnesses against defendant, and the right to subpoena witnesses to appear in defendant's behalf;

*U.S. v. Garrett Elder*

- The right to remain silent at trial, with such silence not to be used against defendant, and the right to testify in defendant's own behalf; and

- The right to contest the validity of any searches conducted on defendant's property or person.

## B.     Appellate Rights

Defendant waives the right to appeal the convictions resulting from the entry of guilty pleas to the charges set forth in this agreement. Defendant further agrees that if the Court imposes a sentence that does not exceed the statutory maximum penalties – as set forth in Section II.D. above in this agreement, defendant waives without exception the right to appeal on all grounds contained in 18 U.S.C. § 3742 the sentence the Court imposes. Defendant understands that this waiver includes, but is not limited to, forfeiture (if applicable), terms or conditions of probation (if applicable) or supervised release, any fines or restitution, and any and all constitutional (or legal) challenges to defendant's convictions and guilty pleas, including arguments that the statutes to which defendant is pleading guilty (is/are) unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

Should defendant file a notice of appeal in violation of this agreement, it will constitute a material breach of the agreement. The government is free to reinstate any dismissed charges, and withdraw any motions for downward departures, or sentences below the mandatory minimum made pursuant to 18 U.S.C. § 3553(e).

*U.S. v. Garrett Elder*

### C.  Collateral Attack Rights

Defendant agrees to waive all rights to collaterally attack the resulting convictions and/or sentence – including forfeiture (if applicable) or terms or conditions of probation (if applicable) or supervised release, and any fines or restitution – the Court imposes. The only exceptions to this collateral attack waiver are as follows: 1) any challenge to the conviction or sentence alleging ineffective assistance of counsel – based on information not now known to defendant and which, in the exercise of reasonable diligence, could not be known by defendant at the time the Court imposes sentence; and 2) a challenge to the voluntariness of defendant's guilty pleas.

### D.  Claim for Attorney Fees and Costs

Because this is a negotiated resolution of the case, the parties waive any claim for the award of attorney fees and costs from the other party.

### E.  Evidence Rule 410 and Fed. R. Crim. P. 11(f)

By signing this agreement, defendant admits the truth of the facts in the Factual Basis portion of this agreement set forth in Section II.C. Defendant agrees that the statements made by him in signing this agreement shall be deemed usable and admissible against defendant as stipulations in any hearing, trial or sentencing that may follow. The foregoing provision acts as a modification, and express waiver, of Federal Rule of Evidence 410 and Fed. R. Crim. P. 11(f) and is effective upon defendant's in-court admission to the factual basis supporting the pleas. This provision applies regardless of whether the court accepts this plea agreement.

*U.S. v. Garrett Elder*

### F.      Potential Plea before Magistrate Judge

Defendant has the right to enter a plea before a United States District Court Judge. Defendant, defense counsel, and the attorney for the Government consent to have defendant's pleas taken by a United States Magistrate Judge pursuant to Fed. R. Cr. P. 11 and 59. The parties understand that if the Magistrate Judge recommends that the pleas of guilty be accepted, a pre-sentence investigation report will be ordered pursuant to Fed. R. Crim. P. 32. The parties agree to file objections to the Magistrate Judge's Report and Recommendation within seven calendar days, thereby shortening the time for objections set forth in Fed. R. Crim. P. 59. The District Court Judge will decide whether to accept this plea agreement at the time it imposes sentence in the case. Defendant agrees that if defendant is pleading guilty to an offense described in 18 U.S.C. § 3142(f)(1)(A), (B), or (C) (involving a crime of violence, a crime punishable by a maximum sentence of life or death, or a Title 21 controlled substance offense for which the maximum sentence is ten years or more), that defendant will remand into custody on the day that he/she agrees in court to the factual basis supporting the plea. Defendant further agrees not to seek release at any time between the date of the guilty plea before the Magistrate Judge and the date of imposition of sentence before the District Court Judge.

## VI.    DEFENDANT'S ACCEPTANCE OF THE TERMS OF THIS PLEA AGREEMENT

I, GARRETT ELDER, defendant, affirm this document contains all of the agreements made between me – with the assistance of my attorney – and the United States regarding my pleas. There are no other promises, assurances, or agreements the

*U.S. v. Garrett Elder*

United States has made or entered into with me that have affected my decision to enter any plea of guilty or to enter into this agreement. If there are any additional promises, assurances, or agreements, United States and I will jointly inform the Court in writing before I enter my guilty pleas.

I understand that no one, including my attorney, can guarantee the outcome of my case or what sentence the Court may impose if I plead guilty. If anyone, including my attorney, has done or said anything other than what is contained in this agreement, I will inform the Court when I stand before it to enter my plea.

I enter into this agreement understanding and agreeing that the conditions set forth herein are obligatory and material to this agreement and that any failure on my part to fulfill these obligations will constitute a material breach of this agreement. If I breach this agreement, I agree the United States, in its sole discretion, may withdraw from this agreement and may reinstate prosecution against me on any charges arising out of the investigation in this matter. If my compliance with the terms of this plea agreement becomes an issue, at an appropriate hearing, during which I agree any of my disclosures will be admissible, the Court will determine whether or not I have violated the terms of this agreement. I understand the government's burden to prove a breach will be by a preponderance of the evidence.

I understand the Court will ask me under an oath to answer questions about the offenses to which I am pleading guilty and my understanding of this plea agreement. I understand that I may be prosecuted if I make false statements or give false answers and may suffer other consequences set forth in this agreement.

*U.S. v. Garrett Elder*

I have read this plea agreement carefully and understand it thoroughly. I know of no reason why the Court should find me incompetent to enter into this agreement or to enter my pleas. I enter into this agreement knowingly and voluntarily. I understand that anything that I discuss with my attorney is privileged and confidential and cannot be revealed without my permission. Knowing this, I agree that this document will be filed with the Court.

I am fully satisfied with the representation given me by my attorney and am prepared to repeat this statement at the time I stand before the Court and enter my guilty pleas. My attorney and I have discussed all possible defenses to the charges to which I am pleading guilty. My attorney has investigated my case and followed up on any information and issues I have raised to my satisfaction. My attorney has taken the time to fully explain the legal and factual issues involved in my case to my satisfaction. We have discussed the statutes applicable to my offense and sentence as well as the possible effect the U.S.S.G. may have on my sentence.

Based on my complete understanding of this plea agreement, I therefore admit that I am guilty of Count 1 – Wire Fraud, a violation of 18 U.S.C. § 1343.

DATED: __5-18-2023__          _____
                              GARRETT ELDER
                              Defendant

As counsel for defendant, I have conveyed all formal plea offers. I have discussed the terms of this plea agreement with defendant, have fully explained the charges to which defendant is pleading guilty, the necessary elements thereto, all possible defenses,

*U.S. v. Garrett Elder*

and the consequences of a guilty plea to a felony. Based on these discussions, I have no reason to doubt that defendant is knowingly and voluntarily entering into this agreement and entering a plea of guilty. I know of no reason to question defendant's competence to make these decisions. If, prior to the imposition of sentence, I become aware of any reason to question defendant's competency to enter into this plea agreement or to enter a plea of guilty, I will immediately inform the court.

DATED: __May 18, 2023_____      _s/Ben W. Muse_____
                                     BENJAMIN MUSE
                                     Attorney for GARRETT ELDER

On behalf of the United States, the following accepts defendant's offer to plead guilty under the terms of this plea agreement.

S. LANE TUCKER
United States Attorney

DATED: _5/18/23_

MICHAEL J. HEYMAN
SETH M. BEAUSANG
Assistant United States Attorneys

*U.S. v. Garrett Elder*

Page 23 of 23