IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| UNITED STATES OF AMERICA, | No. 3:23-cr-00020-JMK-MMS |
|---|---|
| Plaintiff, | |
| vs. | **ORDER FOR THE INTERLOCUTORY SALE OF REAL PROPERTY** |
| GARRETT ELDER, | |
| Defendant. | |

Before the Court at Docket 40 is an Unopposed Motion for an Order Approving an Interlocutory Sale of the Real Property Commonly Known as 637 King Arthur Circle, #G-2, Anchorage, AK 99518; and at Docket 41 a Motion for Expedited Consideration ("Motions").

Having considered the Stipulation For The Interlocutory Sale Of The Real Property Commonly Known As 637 King Arthur Circle, #G-2 Anchorage, AK 99518 at Docket 39, and pursuant to Fed. R. Crim. P. 32.2(b)(7) and Fed. Supp. R. G(7)(b), the Motions at Dockets 41 and 40 are **GRANTED**.

**IT IS THEREFORE ORDERED**:

1. An interlocutory sale of the real property commonly known as 637 King Arthur Circle, #G-2 Anchorage, AK 99518, together with its buildings, appurtenances, improvements, fixtures, attachments, and easements, more particularly described as:

> Unit 2, Building G of BRIARCLIFF CONDOMINIUMS PHASE II AND III, as shown on the Floor Plans filed in the office of the Recorder of the Anchorage Recording District, Third Judicial District, State of Alaska, under Plat No. 85-199, and as identified in the Declaration recorded January 6, 1984, Book 1029, Page 36, and in any amendments thereof.

(hereinafter, the "King Arthur Circle Property") is warranted in accordance with Fed. Supp. R. G(7)(b)(i) in order to minimize expenses incurred in keeping and maintaining

the real property and to minimize any harm to third parties caused by default on any mortgages, taxes, or fees.

2. In accordance with Fed. Supp. R. G(7)(b)(ii) and (iii) the following terms, conditions, and procedures shall apply with respect to an interlocutory sale of the King Arthur Circle Property:

    a. Defendant shall engage the services of a licensed realtor and advertise the real property identified in paragraph 3 for sale on the Multiple Listing Service at a fair market price within seven days (7) of the entry of a court order approving the stipulated interlocutory sale. Defendant shall notify the United States Attorney's Office and provide the realtor's information and a copy of the proposed listing agreement for approval by the United States, which shall not be unreasonably withheld.

    b. Defendant shall remain current on all tax obligations associated with the real property.

    c. The United States shall cooperate in allowing Defendant to sell the real property until entry of a final order of forfeiture against the real property.

    d. The real property may only be sold at terms acceptable to the United States. Defendant is required to communicate any offer(s) received from potential buyers and any proposed real estate contract(s) to sell the real property to the United States Attorney's Office. Any real estate contract to sell the real property is

subject to the approval of the United States, which shall not be unreasonably withheld.

  e. Defendant, or Defendant's realtor or title company, shall provide a draft Settlement Statement to the United States Attorney's Office for review and approval prior to closing of the sale of the real property.

  f. If the real property is sold pursuant to this paragraph through a realtor, the Defendant, or her agent(s), shall remit the balance the sale proceeds directly to the United States Marshals Service at closing, after payment of:

   (i) Real property taxes to date of sale;

   (ii) Costs of closing, such as costs of title report, title insurance, sales costs, and other outstanding encumbrances or liens to allow clear title to be transferred to the purchasers;

   (iii) Any other outstanding real estate transaction costs such as brokerage fees; and,

   (iv) Any outstanding costs due the United States Marshals Service.

  g. If the real property is sold in accordance with this subparagraph, after payment of any outstanding obligations set forth in paragraph 5(f) herein and remittance of the balance of the funds to the United States Marshals Service, the funds received by the United States Marshals Service shall be held in accordance

with Fed. Supp. R. G(7)(b)(iv) in an interest-bearing account maintained by the United States pending a final order of forfeiture or other order of the Court. Upon entry of a criminal judgment against Defendant, the United States shall apply the funds received from the sale of the real property to any outstanding money judgment entered against the Defendant.

  h. The term "sold" as used herein means that a real estate contract for the sale of the real property has been fully executed and funds have been transferred from the buyer to the United States.

  DATED this 6th day of September, 2023.

           */s/ Joshua M. Kindred*
           HON. JOSHUA M. KINDRED
           United States District Judge