CONFIDENTIAL PRIVATE PLACEMENT MEMORANDUM

THESE SECURITIES HAVE NOT BEEN REGISTERED UNDER THE SECURITIES ACT OF 1933, AS AMENDED, OR ANY STATE SECURITIES LAWS. THEY MAY NOT BE SOLD, OFFERED FOR SALE, TRANSFERRED, PLEDGED OR HYPOTHECATED IN THE ABSENCE OF A REGISTRATION STATEMENT IN EFFECT WITH RESPECT TO THE SECURITIES UNDER SUCH ACT AND ANY APPLICABLE STATE SECURITIES LAW OR PURSUANT TO RULE 144 OR AN OPINION OF COUNSEL SATISFACTORY TO THE COMPANY THAT SUCH REGISTRATION IS NOT REQUIRED.

USD $ __43,000__ .00                                         April __20__, 20__20__

# Alaska Private Equity 2 LLC

## PROMISSORY NOTE

FOR VALUE RECEIVED, Alaska Private Equity 2 LLC, an Alaska limited liability company, (the "Company") promises to pay to __LeAnn Pytel__ (the "Holder"), the principal sum of USD $ __286.67__ .00 together with all accrued and unpaid interest thereon as set forth below in this Promissory Note (this "Note"). The Holder and the Company are referred to collectively as the "Parties" and each as a "Party".

1. **Principal and Interest.** Interest on the unpaid principal balance of this Note shall accrue at the non-compounded rate of interest of __8__ % per annum commencing on the date hereof (i.e., the date Holder's funds are received by the Company), and shall be payable monthly as per the FMI Addendum (or the "Amortization" statement). The Company may pay any amounts due under this Note at any time and from any source (e.g., sinking fund, capital reserves, sale of additional securities, revenues, etc.). **The Company may elect to defer monthly interest payments due hereunder and/or extend the Maturity Date of this Note up to one (1) year beyond the original Maturity Date (an "Instance of Deferral") without notice. Upon the occurrence an Instance of Deferral, the applicable interest rate shall increase by 0.5% per annum.** Notwithstanding any provision to the contrary herein, in no event shall the applicable interest rate of this Note at any time exceed the maximum interest rate allowed under applicable law.

2. **Seniority and Subordination.** With respect to any claim the Holder of this Note may have on Company assets, such claims shall be considered by the Company as *pari passu* (on equal standing) with any claims arising from other Notes issued by the Company.

3. **Payment.** All payments of interest and principal shall be in lawful money of the United States of America. All payments shall be applied first to costs of collection, if any, then to accrued and unpaid interest, and thereafter to principal. Payment of principal and interest hereunder shall be made by check delivered to the Holder at the address furnished to the Company for that purpose.

4. **Prepayment by the Company.** The Company may, in its sole and absolute discretion, pay without penalty all or any portion of the outstanding balance along with any accrued but unpaid interest on this Note at any time upon ten (10) days prior written notice to the Holder; provided however, that the Holder may elect to convert pursuant to the terms set forth in Section 2 prior to any such prepayment by giving the Company at least five (5) days written notice prior to the date on which the Company intended to make any such prepayment.

5. **Collateral.** This Note represents a general claim against the Company's aggregate current assets and/or its interests, whether presently or hereafter acquired, in any Property or Properties as those terms are defined in the Company's Confidential Private Placement Memorandum dated February 17, 2020 (the "Memorandum"), which Memorandum is incorporated into this Note by reference as if fully set forth herein.

6. **Default.** If any of the events specified below shall occur (each, an "Event of Default"), the Holder of this Note may, so long as such condition exists, declare the entire principal amount and unpaid accrued interest hereon immediately due and payable, by notice in writing to the Company:

    (a) **Failure to Pay.** The Company's failure to make any payment due and payable under the terms of this Note, and such payment shall not have been made within ten (10) days of Company's receipt of the Holder's written notice to Company of such failure to pay.