IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>GARRETT ELDER,<br><br>        Defendant. | Case No. 3:23-cr-00020-SLG-MMS |

### **AMENDED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(2), based on defendant's guilty plea and admission to forfeiture, the Court GRANTS the Motion for Amended Preliminary Order of Forfeiture (Docket 85), and finds as follows:

In addition to the assets identified at Dkt. 63, the following property is derived from any proceeds obtained, directly or indirectly, as the result of defendant's violation of 18 U.S.C. § 1343, and therefore defendant's interest, if any, in the following property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including without limitation:

> $86,242.34 in proceeds in lieu of Real property located at 637 King Arthur Circle, #G-2, Anchorage, Alaska 99518 Acct# 114048 (23-FBI-004171) which was seized from Stewart Title of Alaska on October 25, 2023 at 480 East 36th Avenue, located in Anchorage, AK

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

The above-listed property is hereby condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and defendant shall forthwith forfeit all right, title and interest, if any, in the above-listed property.

The proceeds of forfeited property and substitute property will be applied toward the payment of the money judgment.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), the U.S. Marshal and/or the Federal Bureau of Investigation (FBI) is authorized to seize and take possession of the aforementioned property and hold such in its secure custody and control until further order of this Court, may conduct any discovery the Court considers proper in identifying, locating, or disposing of said property; and to commence proceedings that comply with any statutes governing third-party rights.

Pursuant to 21 U.S.C. § 853(n), the United States Attorney's Office shall ensure that notice is given of the United States' intent to dispose of the property in such manner as the Attorney General may direct. The notice shall be published on the official government forfeiture website, www.forfeiture.gov, for at least 30 consecutive days. The notice shall state that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within 60 days from the first publication of notice or 30 days of receipt of actual notice, whichever is earlier.

The notice shall state that the petition shall be for a hearing to adjudicate the

validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property. The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written notice as substitute for published notice to any person known to have alleged an interest in the property that is the subject of this Preliminary Order of Forfeiture. Upon adjudication of all third-party interests, this Court shall enter a final order of forfeiture in which all interests will be addressed.

DATED this 17th day of July 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cr-00020-SLG-MMS, *USA v. Elder*
Amended Preliminary Order of Forfeiture
Page 3 of 3
Case 3:23-cr-00020-SLG-MMS   Document 86   Filed 07/17/24   Page 3 of 3