IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br>  v.<br><br>GARRETT ELDER,<br><br>        Defendant. | Case No. 3:23-cr-00020-SLG-MMS |

**SECOND AMENDED PRELIMINARY ORDER OF FORFEITURE**

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(2) and (e)(1), based on defendant's guilty plea and admission to forfeiture, the Court GRANTS the Motion for Second Amended Preliminary Order of Forfeiture (Docket 90), and finds as follows:

The following property is derived from any proceeds obtained, directly or indirectly, as the result of defendant's violation of 18 U.S.C. § 1343, and therefore defendant's interest, if any, in the following property is subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), including without limitation:

    a. 37 Acres of Vacant Land on Glenn Alps Road, 99516, also known as Real Property located at 12955 Glenn Alps Road, Anchorage, Alaska 99516

    b. 2021 Ford F350, VIN -1085

c. 2021 Heartland Prowler (Camper Trailer), VIN -4345

d. 2022 Alweld Boat, Hull ID -H122

e. Interest in Aspen and Birches LLC

f. Interest in Mizuna Matata LLC and related entities

g. The funds contained in the accounts of Tycoon Trading LLC, the Daily Bread Fund, LLC, and other entities owned or controlled by defendant, including the following:

    i. Alaska USA FCU, including:

- A Cashier's Check in the amount of $15,156.23 remitted to the United States Marshals Service by Garrett Elder from his bank account at Alaska USA FCU;

    ii. Wells Fargo, including:

- $29,661.33 in funds from Bank Account #XXXXXX5026 in the name of Daily Bread Fund LLC and Garrett A. Elder at Wells Fargo Bank;

- $349,801.32 in funds from Bank Account #XXXXXX5109 in the name of Northern Financial Services and Garrett A. Elder at Wells Fargo Bank;

- $351.22 in funds from Bank Account #XXXXXX8793 in the name of Buck Wilder and Associates, Garrett A. Elder, and Sarah E. Elder at Wells Fargo Bank

iii. Interactive Brokers Brokerage Account

iv. Forex.Com Brokerage Account GT

v. Forex.Com Brokerage Account FX

vi. IG Brokerage Account

vii. First National Bank Alaska

viii. Robinhood Brokerage Accounts

ix. Oanda Brokerage Account

h. $86,242.34 in proceeds in Lieu of Real Property located at 637 King Arthur Circle, #G-2, Anchorage, Alaska 99518; and

i. 2022 Tuff Trailer USA Inc. Boat Trailer

the proceeds of which, and any substitute property determined thereafter, shall be applied towards the payment of an *in personam* criminal forfeiture money judgment in the amount of $26,077,233.72

THEREFORE, IT IS HEREBY ORDERED, ADJUDGED and DECREED as follows:

The above-listed property is hereby condemned and forfeited to the United States of America pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c) and defendant shall forthwith forfeit all right, title and interest, if any, in the above-listed property.

Defendant is ordered to pay an *in personam* criminal forfeiture money judgment in the amount of $26,077,233.72 and the proceeds of forfeited property

and substitute property will be applied toward the judgment.

Pursuant to Federal Rule of Criminal Procedure 32.2(b)(3), the U.S. Marshal and/or the Federal Bureau of Investigation (FBI) is authorized to seize and take possession of the aforementioned property and hold such in its secure custody and control until further order of this Court, may conduct any discovery the Court considers proper in identifying, locating, or disposing of said property; and to commence proceedings that comply with any statutes governing third-party rights.

Pursuant to 21 U.S.C. § 853(n), the United States Attorney's Office shall ensure that notice is given of the United States' intent to dispose of the property in such manner as the Attorney General may direct. The notice shall be published on the official government forfeiture website, www.forfeiture.gov, for at least 30 consecutive days. The notice shall state that any person, other than the defendant, having or claiming a legal interest in the above-listed forfeited property must file a petition with the Court within 60 days from the first publication of notice or 30 days of receipt of actual notice, whichever is earlier.

The notice shall state that the petition shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the property, shall be signed by the petitioner under penalty of perjury, and shall set forth the nature and extent of the petitioner's right, title or interest in the forfeited property. The petition shall also set forth any additional facts supporting the petitioner's claim and the relief sought.

The United States may also, to the extent practicable, provide direct written

notice as substitute for published notice to any person known to have alleged an interest in the property that is the subject of this Second Amended Preliminary Order of Forfeiture. Upon adjudication of all third-party interests, this Court shall enter a final order of forfeiture in which all interests will be addressed

DATED this 2nd day of October, 2024, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:23-cr-00020-SLG-MMS, *USA v. Elder*
Second Amended Preliminary Order of Forfeiture
Page 5 of 5
Case 3:23-cr-00020-SLG-MMS   Document 91   Filed 10/02/24   Page 5 of 5